# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR189 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| DIMITAR N. TRANCHEFF, | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion filed by the Defendant, Dimitar N. Trancheff, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 84). The government filed an Answer and a supporting brief (Filing Nos. 89, 90), and the Defendant filed a reply (Filing No. 91).

## FACTUAL BACKGROUND

On April 21, 2005, Trancheff was charged in Count I of the Indictment with possession of cocaine. On May 2, 2005, he was released under conditions including a prohibition on travel outside Arizona except to attend these Nebraska court proceedings. On June 6, 2005, a petition for action on conditions of pretrial release was filed, alleging that Trancheff had absconded, and an arrest warrant was issued. The warrant was executed on November 21, 2009. Before Trancheff's appearance on the pretrial release petition, the Magistrate Judge granted counsel's motion to withdraw in which counsel, Jason D. Lamm, stated that Trancheff had made no effort to contact him since shortly after his release on bond in 2005, since his arrest and extradition from Bulgaria earlier in 2009, or since his subsequent arrival and detention in Nebraska.

On November 25, 2009, the petition alleging a violation of Trancheff's pretrial release was granted, and Julie Hansen, Assistant Federal Public Defender, was appointed.

Later, Hansen's motion to withdraw was granted. On January 25, 2010, Wesley Dodge was appointed to represent Trancheff. A two-day trial began on February 9, 2010, and Trancheff was found guilty of the single-count Indictment. Trancheff was sentenced to 188 months imprisonment. He did not receive credit for acceptance of responsibility, and he received a 2-level upward adjustment for obstruction of justice.

Trancheff appealed his conviction, and, in a per curiam opinion, the Eighth Circuit Court of Appeals affirmed this Court's denial of his untimely motion to suppress and motion for leave to file the motion out of time. The Eighth Circuit noted that Trancheff caused the delay by absconding from the district for more than four years. *United States v. Trancheff,* 633 F.3d 696, 698 (8th Cir. 2011). The Eighth Circuit also concluded that this Court did not abuse its discretion in denying Trancheff's motion in limine as an "untimely effort to preserve issues that could have been raised in a timely motion to suppress." (*Id.*) The Eighth Circuit's opinion included a concurring opinion:

> I concur but write separately to comment on the sentence. After Trancheff serves his fifteen-year sentence, he will be deported to Bulgaria. Meanwhile, it will cost United States taxpayers around $390,000 for Trancheff's care in prison. It seems to me, we ought to deport Trancheff immediately, rather than have taxpayers feed, clothe, and shelter Trancheff for the next fifteen years. That federal money could be better spent.

*Id.* (Bright, J., concurring) (citations omitted).

Trancheff timely filed his § 2255 motion arguing ineffective assistance of counsel at trial and on appeal. The Court summarily dismissed Claims I, II(B), and III. The government was ordered to answer Claim II(A), in which Trancheff argued that his attorney failed to advise him to plead guilty to receive a lesser sentence.

**DISCUSSION**

In order to establish ineffective assistance of counsel, a defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

In arguing that his attorney failed to advise him to plead guilty to receive a lesser sentence, under the facts Trancheff cannot prove the prejudice prong of *Strickland*. The government stated that, whether or not Trancheff had pled guilty, it would have presented evidence showing that Trancheff was not entitled to acceptance of responsibility and should receive an upward adjustment for obstruction of justice. The facts of Trancheff's case strongly support the adjustment for obstruction of justice under U.S.S.G. § 3C1.1. Application Note 4(e) states that "willfully failing to appear, as ordered, for a judicial proceeding" is one type of conduct to which the adjustment applies. *See, e.g., United States v. Petersen,* 306 Fed. App'x 329, 331 (8th Cir. 2009). The facts also do not support awarding Trancheff for accepting responsibility. Even if Trancheff had pled guilty, his case would not fit within the definition of an "extraordinary" case requiring a downward adjustment for acceptance of responsibility despite an upward adjustment for obstruction of justice. Factors indicating an extraordinary case include, for example, whether: the

obstruction of justice was an isolated incident; the obstructive conduct voluntarily ended or was stopped by law enforcement; and the defendant pled guilty and cooperated. *See United States v. Honken,* 184 F.3d 961, 968-69 (8th Cir. 1999).

Because Trancheff has not proved the prejudice prong of *Strickland,* the Court need not evaluate the first *Strickland* prong.

Accordingly,

IT IS ORDERED:

1. The Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 84) is denied;

2. A separate Judgment will be issued denying the § 2255 motion; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 7th day of September, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge